UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-398-RJC-DSC

| | | |
|---|---|---|
| MOHAMMAD M. KARGARIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PVH DIVISION OF CHARLOTTE MECKLENBURG POLICE DEPARTMENT, | ) ) ) | **ORDER** |
| | ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's motion to proceed without prepayment of fees or costs ("Application"), (Doc. No. 1), and Plaintiff's Complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. No. 2). The Court has examined Plaintiff's Application, and finds that it should be granted for the purpose of this initial review. For the reasons that follow, Plaintiff's Complaint will be dismissed.

## I. BACKGROUND

In his Complaint, Plaintiff contends that he attended a Passenger Vehicle Hiring ("PVH") class sponsored by the Charlotte-Mecklenburg Police Department ("CMPD"). Plaintiff, a long-time cab driver, asserts that during the PVH class, he "was subjected to harassment and finger pointing" from class instructor, Al Wheeler. Plaintiff alleges that he asked questions during the class but that his questions were ignored and that his follow-up efforts to pursue a permit have been thwarted. Further, the treatment Plaintiff allegedly experienced during the PVH class upset Plaintiff and he left the class and he has not been told why he was treated in this manner. (Doc.

1

No. 1 at 3; 1-1 at 1).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

As noted above, Section 1983 actions are limited to defendants that are acting under color of state law. The question of whether a party is acting under color of state law is a question of law which must be resolved by the Court. Rodriguez v. Smithfield Packing Co., 338 F.3d 348, 354 (4th Cir. 2003). Plaintiff may show that a party acts under color of state law where the party "exercise[s] power possessed by virtue of state law and made possible only because [the] wrongdoer is clothed with authority of state law." Pruitt v. Pernell, 360 F. Supp. 2d 738, 743-45 (E.D.N.C. 2005) (internal citation omitted). Put simply, a party sued under Section 1983 "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." Debauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). A plaintiff will fail to establish the color of state law if all which can be shown, or even remotely inferred from the complaint, is that the plaintiff engaged in "merely private conduct, no matter how discriminatory or wrongful." Blum v. Yaretsky, 457

U.S. 991, 1002 (1982) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).

In the present case, Plaintiff does not allege that Mr. Wheeler is an employee of the CMPD or the P.V.H. division. Assuming without deciding that Mr. Wheeler is an employee of CMPD, Plaintiff's allegations that his questions were ignored and that he was unable to continue his quest for a permit would fail to support a § 1983 claim because Plaintiff has named CMPD as the sole defendant. Police departments do not have the legal capacity to be sued. See El-Bey v. Matthews, No. 5:12-CV-184-D, 2013 WL 140091, at *2 (E.D.N.C. Jan. 10, 2013) (citing Cooper v. Brunswick Cnty. Sheriff's Dep't, No. 7:10-CV-14-D, 2011 WL 738610, at *4 n.2 (E.D.N.C. Feb. 7, 2011) (unpublished) (collecting cases), report and recommendation adopted by, 2011 WL 736670 (E.D.N.C. Feb. 23, 2011) (unpublished).

For the foregoing reasons, Plaintiff's Complaint will be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's application to proceed without prepayment of fees or costs is **ALLOWED** for the purpose of this initial review. (Doc. No. 2).

2. Plaintiff's Complaint will be **DISMISSED** for failure to state a claim upon which relief may be granted.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge